925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles RICE, Plaintiff-Appellant,
v.
Al C. PARKE, Tony Williams, John Parker, and his Personnel
at tool room, Defendants-Appellees.
 No. 90-6238.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Charles Rice appeals from the district court's order denying his motion for summary judgment and granting the defendants' motion for summary judgment in this civil rights complaint filed under 42 U.S.C. Sec. 1983. The defendants include the warden and deputy warden at the Kentucky State Reformatory, as well as the maintenance engineer and his staff at that facility.
 
 
 3
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and Rice's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In his complaint, Rice alleged that the defendants maliciously and wilfully denied him his eighth amendment right to be free from cruel and unusual punishment by allowing the dorm wing in which he is housed to be maintained at unusually cold temperatures. Rice alleged the condition is due to the defendants' failure to repair the inadequate heating system and several damaged windows in that dorm.
 
 
 5
 The district court determined that the prison officials and staff had responded to the problem at the time and were also in the process of remedying the situation under the mandates of the consent decree issued in Kendrick v. Bland, 541 F.Supp. 21 (W.D.Ky.1981). Thus, the district court held that Rice had not shown that the defendants had been deliberately indifferent to the prisoner's needs, which showing is necessary to support a claim under the eighth amendment. Estelle v. Gamble, 429 U.S. 97, 102-05 (1976); Walker v. Norris, 917 F.2d 1449, 1453 (6th Cir.1990).
 
 
 6
 Upon review, we conclude that the defendants' motion for summary judgment was properly granted for the reasons stated by that court. Moreover, Rice may not now complain, in a Sec. 1983 complaint, of conditions previously discussed and resolved in a prior consent decree covering the class of which he is a member. Carver v. Knox County, 887 F.2d 1287, 1293 (6th Cir.1989), cert. denied, 110 S.Ct. 1949 (1990). Otherwise, the result would be an inefficient situation, fraught with potential for inconsistency, confusion and unnecessary expense. Groseclose v. Dutton, 829 F.2d 581, 584 (6th Cir.1987).
 
 
 7
 Accordingly, the district court's order entered September 7, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation